**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

PHILIP MATTHEW WOODS

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; and, any other subsidiary of ALLSTATE INSURANCE COMPANY or individual responsible for the acts complained of herein whose true name is unknown.

    Defendants.

---

**DEFENDANTS' NOTICE OF REMOVAL**

---

COMES NOW Defendants Allstate Insurance Company, Allstate Fire and Casualty Insurance Company and Allstate Property and Casualty Insurance Company, ("Allstate") by and through its attorneys of record, Bradley Ross-Shannon and Mark J. Gauthier, of Ross-Shannon & Delaney, P.C. and respectfully submit this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As grounds, Defendants state as follows:

    1.    On March 18, 2022, Plaintiff Philip Woods filed his Complaint against Defendants in the District Court for Denver County, State of Colorado. *See* **Ex. A**, Complaint and attachments thereto. The Complaint asserts that Plaintiff was involved in a rear-end motor vehicle accident on June 2, 2017. *Id.* at ¶10. As a result, Plaintiff alleges he sustained injuries, damages and losses. *Id.* at ¶¶12-13.

1

2. At the time of the June 2, 2017 accident, Plaintiff's vehicle was insured by Allstate. *See id.* at ¶9. The applicable insurance policy provides, *inter alia*, coverage for Uninsured/Underinsured motor vehicles under certain circumstances.

3. Plaintiff has since settled with the negligent driver and his automobile liability insurance carrier. *See id.* at ¶¶14 and 15. Notwithstanding the settlement, Plaintiff seeks recovery of additional amounts under the underinsured motorist benefits to the applicable insurance policy, for injuries, damages and/or losses ostensibly sustained as the result of the June 2, 2017 accident. Plaintiff has alleged claims for relief against Defendant for Uninsured Motorist benefits. *Id.* at ¶¶9 and 19-23.

4. The Civil Case Cover Sheet, filed with the Complaint, indicates that Plaintiff seeks damages in excess of $100,000.00, excluding interest and costs. *See* **Ex. B** at p.2, Civil Case Cover Sheet. Plaintiff alleges he sustained a concussion, post-concussive symptoms, neck and back pain and injuries, neuro-ophthalmological symptoms, including but not limited to convergence insufficiency, and that the amount in controversy exceeds $75,000.00. *See* **Ex. A** at ¶¶13-15: **Ex. B**.

5. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "A defendant seeking to remove a case from state to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014) ("*Dart*") (*quoting* 28 U.S.C. § 1446(a)).

6. The diversity requirement of § 1332(a) is satisfied here as the parties are completely diverse. Plaintiff is a Washington State citizen, residing in Lacey Washington. *See* **Ex. A**, page 4 identifying Plaintiff's address. Defendant Allstate is an Illinois corporation with its principal place of business in the State of Illinois. For purposes of federal diversity jurisdiction, the parties are completely diverse.

7. While the Complaint itemizes some of Plaintiff's claimed injuries and damages, when removing a case to Federal Court, the Tenth Circuit Court of Appeals has instructed that the Civil Cover Sheet filed in Colorado state court satisfies the jurisdictional amount in controversy as "other paper." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).") (citing *Henderson v. Target Stores, Inc.,* 431 F.Supp.2d 1143, 1144 (D. Colo. 2006)). Here, the Civil Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000.00 is sought by Plaintiff against Defendants, exclusive of interests and costs. *See* **Ex. B**. Likewise, Plaintiff's Complaint asserts that the amount in controversy exceeds $75,000.00. *See* **Ex. A** at ¶17: **Ex. B**. Therefore, the jurisdictional amount in controversy has been met.

8. The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  "Under § 1446(b), the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'"  *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999).  According to the Affidavits of Service filed by Plaintiff in this matter, Defendants received service of the Complaint on May 20, 2022.  *See* **Ex. C**.  The thirty-day deadline to effectuate removal under 28 U.S.C. § 1446(b) falls on June 19, 2022.  Therefore, this Notice of Removal is timely.

9. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

10. As required by D.C.Colo.LCivR 81.1 and 28 U.S.C. § 1446(a), all papers, including a current docket sheet, filed in this matter in the District Court of Denver County, State of Colorado, are attached to this Notice of Removal as specifically referenced exhibits or otherwise labeled.  Defendant will also separately file each pending motion, petition, and related response, if any.

11. Pursuant to D.C.Colo.LCivR 81.1, Defendant represents that no motion hearings are currently set in the state court action and no trial date has been set.

12. By filing this Notice of Removal, Defendants do not waive any defenses that may be available.

Dated: June 20, 2022  /s/ Mark J. Gauthier
Bradley Ross-Shannon
Mark J. Gauthier
Ross-Shannon & Delaney, P.C.
300 Union Boulevard, Suite 415
Lakewood, Colorado 80228
Telephone: (303) 988-9500
FAX:  (303) 988-9511
E-mail: br-s@ross-shannonlaw.com
E-mail: mgauthier@ross-shannonlaw.com
Attorneys for Defendants Allstate Insurance Company, Allstate Fire and Casualty Insurance Company and Allstate Property and Casualty Insurance Company

## CERTIFICATE OF MAILING

     I hereby certify that on June 20, 2022, a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jason T. Landress, Esq.
James J.L. Ahern, Esq.
Susan Fuller & Associates, P.C.
19751 East Mainstreet, Suite 270
Parker, CO  80138
Telephone: 303-840-1190
Facsimile: 303-841-7620
Email: jason@sfullerlaw.com
       james@sfullerlaw.com


                                  /s/ Alyssa Harmsen