| | |
|---|---|
| **DISTRICT COURT,**<br>**CITY AND COUNTY DENVER, COLORADO**<br>Court Address:<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Court Telephone: (720) 865-8301 | DATE FILED: March 18, 2022 5:31 PM<br>FILING ID: EF45EDD448A59<br>CASE NUMBER: 2022CV30759 |
| Plaintiff:<br>**PHILIP MATTHEW WOODS,**<br><br>v.<br><br>Defendant(s):<br>**ALLSTATE INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; and, any other subsidiary of ALLSTATE INSURANCE COMPANY or individual responsible for the acts complained of herein whose true name is unknown.** | ▲ COURT USE ONLY ▲ |
| *Counsel for Plaintiff*<br>Jason T. Landress, #40956<br>James J.L. Ahern, #42264<br>Susan Fuller & Associates, P.C.<br>19751 East Mainstreet, Suite 270<br>Parker, Colorado 80138<br>Telephone: 303-840-1190<br>Facsimile: 303-841-7620<br>E-Mail: jason@sfullerlaw.com<br>E-Mail: james@sfullerlaw.com | Case Number:<br><br><br>Division/Courtroom: |
| **PLAINTIFF'S COMPLAINT AND JURY DEMAND** | |

Plaintiff, Philip Matthew Woods, by and through his undersigned counsel, Jason L. Landress of Susan Fuller & Associates, P.C., for his Complaint and Jury Demand for damages against Defendant(s) Allstate Insurance Company, Allstate Fire and Casualty Insurance, Allstate Property and Casualty Insurance Company, et. al. (hereinafter, Defendant(s)):

## JURISDICTION & VENUE

1. Plaintiff, Philip Matthew Woods (hereinafter "Plaintiff") currently resides at 2844 Fiddleback Street, Lacey WA 98516.

1

2. At the time of the subject collision, Plaintiff was a resident of the State of Colorado, County of Denver and resided at 1625 S. Birch Street, #1009. Denver CO 80222.

3. Defendant(s) is/are a foreign corporation licensed to conduct business in Colorado with a registered agent located at 1560 Broadway, Suite 850, Denver CO 80202.

4. Defendant is an insurance company which issues and services insurance policies in the State of Colorado.

5. Defendant(s) is/are a non-resident of the State of Colorado and is headquartered in Northbrook Illinois, with a principal office located at 2775 Sanders Road, Northbrook, IL 60062.

6. The underlying subject matter of this civil action involves a motor vehicle collision with occurred in the State of Colorado and is an action upon a contract.

7. As a result of the foregoing, this Court has subject matter jurisdiction pursuant to Article VI, section 9 of the Colorado Constitution.

8. Venue is proper in the City and County of Denver, State of Colorado, pursuant to C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

9. Defendant(s) issued an auto policy to Plaintiff in the amount of $250,000.00 to afford Plaintiff insurance coverage for injuries, damages and losses caused by, and resulting from, the negligence of, *inter alia*, uninsured or underinsured motorists in Colorado. The policy in question (hereinafter "The Policy") was in effect at the time of the collision which is detailed more fully below and which occurred on June 2, 2017.

10. On June 2, 2017, at approximately 9:00 a.m., Plaintiff was traveling southbound on York Street which ultimately becomes University Boulevard. Plaintiff had traveled this route before and was familiar with the surroundings. Plaintiff was completely stopped at the intersection of University Boulevard and 4th Avenue with his foot firmly on the brake pedal on a red traffic signal.

11. The Underinsured Motorist (Jesus Osorio Acosta) described above negligently failed to keep a proper lookout for traffic in front of him and crashed directly into the back of Plaintiff's vehicle at a high rate of speed.

12. Upon impact, Plaintiff was wrenched forward and, despite Plaintiff's foot being firmly on the brake pedal of his vehicle at the time of the impact, the force of the impact forced Plaintiff forward into the intersection. Plaintiff, still reeling from the jolt and the immediate onset of a severe headache and neck pain, was approached by the Underinsured Motorist and the Underinsured Motorist inquired whether Plaintiff was alright. Plaintiff and the Underinsured Motorist exchanged insurance information and

took pictures of the scene and proceeded to remove their vehicles from the roadway in order to avoid obstructing traffic.

13. It is irrefutable that the Underinsured Motorist in the present case was both the direct and proximate cause of the collision that occurred on June 2, 2017; and, that the Underinsured Motorist is 100% liable for the injuries and damages inflicted on Plaintiff.; namely, *inter alia,* a concussion, post-concussive symptoms, neck and back pain and injuries, neuro-ophthalmological symptoms, including but not limited to convergence insufficiency, etc.

14. On March 30, 2020, $25,000.00 was issued by the insurer of the Underinsured Motorist to Plaintiff.

15. Permission was granted by Defendant(s) to settle with the Underinsured Motorist for $25,000.00.

16. However, said amount is insufficient to fully compensate Plaintiff, a foot and ankle surgeon, for the damages he sustained as a result of the foregoing incident and the injuries and losses he has endured; namely, physical and mental difficulties completing his residency and, for a time, the loss of his perfect eyesight.

17. Plaintiff is entitled to recovery for the damages and losses he incurred as a result of the foregoing underinsured's negligence that exceeds the $25,000.00 available to him from the underinsured's policy limits.

**FIRST CLAIM FOR RELIEF**
**(Underinsured Motorist Benefits)**

18. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 17 above.

19. The Policy constitutes a contract of insurance.

20. Pursuant to The Policy, Defendant(s) did agree to pay Underinsured Motorist (UIM) benefits to Plaintiff if the negligence of a third-party caused injuries and damages to Plaintiff when the sum of the limits of liability limits available to an at fault driver was/is less than the applicable damages which Plaintiff is legally entitled to recover.

21. Plaintiff is an insured under The Policy, which was in effect when the collision occurred; and, the negligent driver's liability policy limit is less than the amount Plaintiff is legally entitled to recover for damages caused by the collision on June 2, 2017.

22. Plaintiff made a timely demand to Defendant for the full amount of the underinsured motorist benefits under The Policy and pursuant to Colorado law; and, Plaintiff has complied with all conditions precedent to the insurance contract. Defendant(s) assert

that Plaintiff has been fully compensated as a result of the 3rd party settlement with the insurer of the Underinsured Motorist that caused Plaintiff damages.

23. Plaintiff hereby disputes said claims and requests all such benefits to which he is entitled pursuant to The Policy.

**WHEREFORE**, Plaintiff, Philip Matthew Woods, requests that judgment enter in his favor in an amount which is fair and just and as against Defendant(s); for general damages as proven at trial; for special damages as proven at trial, if applicable; costs; prejudgment interest from the date of the collision; post-judgment interest as provided for by law; as well as moratory interest allowed by law; attorney's fees and court costs; and, for such other and further relief as the Court deems proper.

### JURY DEMAND

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY SIX ON ALL ISSUES SO TRIABLE.**

Respectfully, submitted on this 18th day of March, 2022.

                **SUSAN FULLER & ASSOCIATES, P.C.**

                */s/ Jason T. Landress, Esq.*
                Jason T. Landress, # 40956
                *Attorney for Plaintiff*

Plaintiff's Address:
2844 Fiddleback Street
Lacey, WA 98516